UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

DENNIS HERNANDEZ, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

RLC LANDSCAPING LLC., a Florida Limited
Liability Company, DEGRAW OUTDOOR LLC.,
a Florida Limited Liability Company
and RAMON COLON, individually

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff DENNIS HERNANDEZ, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against RLC LANDSCAPING LLC. a Florida Limited Liability Company, ("Defendant" or "RLC") DEGRAW OUTDOOR LLC., a Florida Limited Liability Company("Defendant" or "Degraw") and RAMON COLON, individually("Defendant" or "RCOLON")(collectively, "Defendants") for unpaid overtime compensation and hereby states as follows:

1

## NATURE OF THE ACTION

1. Plaintiff worked as a non-exempt hourly paid laborer for Defendants in Osceola County, Florida.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. Specifically, Defendant specifically engaged in a scheme, whereby management would alter, delete, and modify Plaintiff's, and the similarly situated class members' time records/recorded hours, so as to avoid the payment of overtime compensation to these employees.

4. Based on the foregoing scheme, Defendant failed to track or maintain the actual records of the number of hours worked by Plaintiff or the similarly situated class members during his/their employment.

5. Defendant applies this policy and practice uniformly and has done so for the entire limitations period (and longer) under the FLSA.

6. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly situated employees.

7. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid laborers pursuant to the FLSA, 29 U.S.C. § 216(b), who were

employed by Defendants during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

8. The proposed class of employees that Plaintiff seeks to conditionally certify, are all: "hourly paid employees who worked for Defendant at any time during the last three (3) years, and who were subjected to Defendant's common scheme of altering, deleting, and modifying time records of employees to avoid the payment of overtime compensation under the FLSA." Additionally, Defendants would automatically deduct a thirty (30) minute lunch break from Plaintiff and their other similarly situated class members' pay for one or more automatic meal break(s), although Plaintiff and Defendants' other non-exempt hourly laborers did not actually take uninterrupted breaks.

9. As non-exempt employees, Plaintiff and the putative class members are entitled to the applicable overtime wage rate for each overtime hour they suffered and are permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

10. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29

U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

11. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

12. Plaintiff, Dennis Hernandez's consent to act as the Named Plaintiff and Class Representative is hereby attached as **Exhibit A.**

13. Plaintiff anticipates that other individuals will express their desire to opt-in to this case, and will be filing their Consents to Join, shortly.

## JURISDICTION AND VENUE

14. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

16. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

17. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

### A. PLAINTIFF

18. Plaintiff is an adult resident of Florida and was employed by Defendants as a non-exempt hourly paid laborer from September 2020 through August 2023.

19. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

20. At all times relevant hereto, Plaintiff, Dennis Hernandez, was employed as a non-exempt hourly paid employee performing the same or similar duties as that of those other similarly situated employees whom Plaintiff observed working in excess of forty(40) hours per workweek without being paid for all overtime compensation.

B.  **DEFENDANTS**

21. Within the relevant time, Defendants are registered Florida companies and a Florida Resident, respectively, doing business in Osceola County, Florida. Defendants do business in Osceola County, as well as other counties in this District, where Plaintiff worked for Defendants.

22. Defendants, RLC and Degraw are entities in related activities through a unified operation with both under the control and ownership of Defendant, Ramon Colon.

23. Defendant, Colon was and is an individual owner of RLC and Degraw during the last three (3) years and regularly engaged in related activities: (a) ran the day-to-day operations of "RLC and Degraw"; (b) responsible for determining the schedules and hours worked by Plaintiff and other similarly situated class members; (c) determines the rates of pay to be given to Plaintiff and other similarly situated class members; (d) hiring and firing of all employees of "RLC and Degraw"; (e) determining the course and scope of work assigned to Plaintiff and other similarly situated class members; (f) signed checks to employees, as well as significant day-to-day control over each Defendant, respectively.

24. At all times relevant hereto, RLC and Degraw have maintained common offices, and employees, and conducted business deals throughout Florida and within this judicial district and are therefore within the jurisdiction of this

Court.

25. At all times relevant hereto, Defendants have been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

26. At all times relevant hereto, Defendants have two (2) or more employees who have handled goods that moved in interstate commerce.

26. At all times relevant hereto, Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

27. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of Defendants.

28. In light of the duties performed by Colon, Colon is defined as the term "employer" by 29 U.S.C. §203 (d), under the FLSA, and is directly, jointly and severally liable to Plaintiff and the putative class, if they prevail in this action.

29. Defendants are "joint- employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiff and the putative class, benefits each Defendant.

30. The Corporate Defendants share offices, registered agents, employees,

and business deals.

31. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

32. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint (vertical or horizontal) employers. Alternatively, each company is a covered enterprise under the Act.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, above.

34. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute his FLSA claims as an opt-in collective action on behalf of pursuant to 29 U.S.C. § 216(b) on behalf of himself and a collective group as follows:

> **All non-exempt hourly paid employees who are or were employed by Defendants in Florida at any time since August 2020, to the entry of judgment in this case (the "Collective Action Period"), hourly paid employees who worked for Defendant at any time during the last three (3) years, and who were subjected to Defendant's common scheme of altering, deleting, and**

> **modifying time records of employees to avoid the payment of overtime compensation under the FLSA." (the "Collective Action Members").**

35. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

36. Plaintiff and the other class members were all non-exempt hourly paid employees who performed the same or similar job duties as one another in that they provided services at the direction and on behalf of the Defendants.

37. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt hourly paid employees, employed by Defendants is readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

38. Defendants' policy or practice was applicable to Plaintiff and all current and former similarly situated non-exempt hourly paid employees employed by Defendants, which resulted in the non-payment of proper wages, and overtime to Plaintiff, and which applies and continues to apply to all putative class members.

39. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

40. Defendants have acted willfully in failing to pay Plaintiff and the putative class members in accordance with the law.

41. Defendants have failed to maintain accurate records of Plaintiff and the putative class members' work hours in accordance with the law.

42. Federal law mandates that an employer is required to keep all payroll records and other records containing, among other things, for three (3) years including, but not limited to the following information:

 a. The time of day and day of week on which the employees' work week begins;

 b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

 c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

 d. The hours worked each workday and total hours worked each workweek;

 e. The total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

 f. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

g. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

h. The dates, amounts, and nature of the items which make up the total additions and deductions;

i. The total wages paid each pay period; and

j. The date of payment and the pay period covered by payment.

43. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).*

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

44. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 32 with respect to all non-exempt hourly paid laborers.

45. During the FLSA Relevant Liability Period, Defendants failed to fully compensate non-exempt hourly paid laborers for all overtime hours

worked for Defendants in excess of forty (40) per week as required by Section 207 of the FLSA.

46. All non-exempt hourly paid laborers were victims of an illegal policy and plan by Defendant to deny them full and proper overtime compensation required by the FLSA.

47. Defendant's failure to pay non-exempt hourly paid laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

48. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

49. Prior to the filing of this lawsuit, Defendants did not consult with counsel to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

50. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to ascertain whether its pay practices regarding Plaintiff and the putative class were in compliance with the FLSA.

51. Based on the allegations above, Defendants did not have a subjective or objective good faith basis for its illegal pay practices, and liquidated damages are warranted in this action against Defendants.

52. Plaintiff, on behalf of himself and other non-exempt hourly paid laborers seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all non-exempt hourly paid laborers, demands judgment against Defendant and prays this Court:

    a. Issue notice to all non-exempt hourly paid laborers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

    b. Declare Defendant's policy of failing to pay non-exempt hourly paid laborers full and proper overtime pay illegal under the FLSA;

    c. Find that Defendant's violation of the FLSA was willful and impose a three-year statute of limitations period for FLSA claims;

    d. Award Plaintiff and all non-exempt hourly paid laborers unpaid overtime compensation;

e. Award all non-exempt hourly paid laborers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f. Award all non-exempt hourly paid laborers pre-judgment interest if liquidated damages are not awarded;

g. Award all non-exempt hourly paid laborers post-judgment interest as provided by law;

h. Award all non-exempt hourly paid laborers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i. Award all non-exempt hourly paid laborers such other relief as the Court deems fair and equitable

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 22nd day of August 2023

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

**DENNIS HERNANDEZ, on behalf of himself and all others similarly situated,**

    Plaintiff,

v.

**RLC LANDSCAPING LLC., a Florida Limited Liability Company, DEGRAW OUTDOOR LLC., a Florida Limited Liability Company and RAMON COLON, individually**

    Defendants.

_____/

### CONSENT TO BECOME PARTY PLAINTIFF

    I, _____Dennis Hernandez_____, consent to become the party plaintiff in the above-styled Lawsuit.

Date: ___08/22/2023___

Signature: _[signature]_____

Print: _____Dennis Hernandez_____